# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **DARVELL D. YORK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 07 C 506** |
| | ) | |
| | ) | |
| **WARDEN SWIFT, et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss for lack of personal jurisdiction and Plaintiff Darvell D. York's ("York") motion to transfer. For the reasons stated below we deny York's motion to transfer and we grant Defendants' motion to dismiss.

## BACKGROUND

York is an inmate in the federal prison in Marion, Illinois. York alleges that in August of 2004 he was an inmate in the custody of the Texas Department of Criminal Justice. At that time, a detainer was allegedly lodged against him in the

1

Northern District of Illinois for a federal criminal action. York alleges that, while in Texas, with the assistance of the prison law librarian, he properly signed and dated a USM-17 form requesting a speedy trial in the federal action against him. York alleges that this form was never properly mailed by the Texas Department of Criminal Justice and, as a consequence, he was unsuccessful in his challenge of the federal indictment in Illinois. York has filed this suit under 42 U.S.C. § 1983 against several officials of the Texas Department of Criminal Justice. On August 20, 2007, the Defendants moved to dismiss the instant action for lack of personal jurisdiction. York filed a motion to transfer on September 4, 2007.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district if it is done "[f]or the convenience of parties and witnesses, [and] in the interest of justice. . . ." 28 U.S.C. § 1404(a). In order to transfer a case pursuant to 28 U.S.C. § 1404(a), the transferor court must first find that: 1) venue is proper in the transferor district, and 2) venue is proper in the transferee district. *See Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 (7th Cir. 1986); 28 U.S.C. § 1404(a)(stating that transfer can only be made to a district in which the action "might have been brought").

2

Federal Rule of Civil Procedure 12(b)(2) directs a court to dismiss a claim for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). For the purposes of such a motion to dismiss, the "court accepts all well-pleaded allegations in the complaint as true." *Hyatt Intern. Corp. v. Coco,* 302 F.3d 707, 713 (7th Cir. 2002). If a defendant moves to dismiss pursuant to Rule 12(b)(2), "the court must decide whether any material facts are in dispute" in regard to personal jurisdiction and "[i]f so, it must hold an evidentiary hearing to resolve them, at which point the party asserting personal jurisdiction must prove what it alleged." *Id.* If the court finds that there are material facts in dispute, "the party asserting personal jurisdiction need only make out a *prima facie* case of personal jurisdiction," if and until the court holds the necessary hearing. *Id.*

## DISCUSSION

Defendants filed a motion to dismiss, arguing that this court lacks personal jurisdiction because each of the Defendants are residents of the state of Texas and have no contacts with Illinois. York filed a *pro se* motion to transfer, essentially conceding that this court lacks personal jurisdiction, and requesting that this court transfer the case to an appropriate federal district in Texas pursuant to 28 U.S.C. § 1404(a).

3

I. Motion to Transfer Venue

At issue is whether this court has the authority to transfer venue pursuant to 28 U.S.C. § 1404. In order for this court to properly transfer venue, we must first determine whether venue is appropriate here. *See Coffey,* 796 F.2d at 219 (stating that venue must be proper in the transferor district). In non-diversity cases, such as the instant action, there is venue only in districts (1) "where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, York is suing four individual Defendants, each of whom reside in the state of Texas. York has made no effort to establish that these Defendants can be found in Illinois or have any contacts with the state of Illinois which would substantiate a finding that venue is appropriate in this district. Therefore, the only way that this court could find that venue is proper here would be if a substantial part of the events giving rise to York's claim occured in the state of Illinois. *Id.* This is not the case. York's claims are based entirely on his allegation that Defendants failed to mail a document *from the state of Texas* to Illinois. (Compl. 7-8). Thus, York has not shown that a substantial portion of the events giving rise to the lawsuit

4

occured in Illinois.

Because venue is not proper in this district, we may not transfer venue to another district pursuant to 28 U.S.C. § 1404. *Coffey,* 796 F.2d at 219. Therefore, we deny York's motion to transfer.


II. Motion to Dismiss

Defendants argue that this court cannot exercise personal jurisdiction over them in this case. In a diversity action, the extent of a court's personal jurisdiction is governed by state law regarding personal jurisdiction. *Dehmlow v. Austin Fireworks,* 963 F.2d 941, 945 (7th Cir. 1992). The Illinois Long Arm Statute authorizes service of process both on in-state defendants and out-of-state defendants, stating that "[a]ny person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts: . . . [t]he transaction of any business within this State; ... [t]he commission of a tortious act within this State; . . . [and][t]he making or performance of any contract or promise substantially connected with this State; . . .." 735 ILCS 5/2-209. The Illinois Long Arm statute also provides that "[a] court may also

5

exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." *Id.* Thus, in addition to the specific authorized instances of personal jurisdiction, Illinois law allows the exercise of personal jurisdiction over non-resident defendants if doing so comports with the due process provisions of the Illinois and federal constitutions. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997).

The United States Supreme Court has outlined the boundaries by which the due process clause would support a court's exercise of personal jurisdiction over a defendant. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A court may only exercise personal jurisdiction over a defendant if the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *RAR, Inc.*, 107 F.3d at 1277 (quoting *International Shoe Co.*, 326 U.S. at 316).

The two types of personal jurisdiction are specific jurisdiction and general jurisdiction. *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 549 (7th Cir. 2004). Specific jurisdiction is personal jurisdiction over a defendant in an action "arising out of or related to the defendant's contacts with the forum." *RAR, Inc.*, 107 F.3d at 1277 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). If a defendant's contacts "with the forum state are unrelated to the subject

6

matter of the lawsuit, general personal jurisdiction may be established if the defendant's contacts are so continuous and systematic that the defendant could reasonably foresee being haled into court in that state for any matter." *International Medical Group, Inc. v. American Arbitration Ass'n, Inc.,* 312 F.3d 833, 846 (7th Cir. 2002); *RAR,* 107 F.3d at 1277.

In this case, Defendants assert that they are all residents of the state of Texas. York's complaint reflects that all of the complained actions occurred in the state of Texas. (Compl. 7-8). There is no allegation that Defendants were involved in any capacity in the Illinois criminal action. Defendants correctly assert that the alleged act of merely handling a form that was to be eventually mailed to the state of Illinois is not sufficient activity to establish minimum contacts with the state of Illinois.

Therefore, based on the information presented to the court, we find that Defendants lack sufficient contacts with this forum to justify exercising personal jurisdiction. Accordingly, we grant Defendants' motion to dismiss for lack of personal jurisdiction.

## CONCLUSION

Based on the foregoing analysis, we deny York's motion to transfer and we

grant Defendants' motion to dismiss for lack of personal jurisdiction.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 24, 2007